IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 FEB -1 PM 2: 55

DEPUTY CLERK __ac__

| | |
|---|---|
| **ANNETTE LAMBERSON,**<br>      Plaintiff, | §<br>§<br>§ |
| v. | §  Civil Action No. 2-10MC-0003J<br>§ |
| **EOG RESOURCES, INC., WRIGHT TRUCKING, INC.** and **HERRING TANK COMPANY, INC.,**<br>      Defendant. | §<br>§<br>§<br>§<br>§ |

### DRILLING FLUIDS TECHNOLOGY, INC.'S
### MOTION TO QUASH SUBPOENA AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DRILLING FLUIDS TECHNOLOGY, INC.** ("**DRILLING FLUIDS**" herein) and respectfully requests the Court to quash **ANNETTE LAMBERSON**'s ("**LAMBERSON**" herein) Subpoena, and in support thereof would respectfully show the Court as follows:

A. Introduction

1. Plaintiff is **LAMBERSON**; Defendants are **EOG RESOURCES, INC., WRIGHT TRUCKING, INC.** and **HERRING TANK COMPANY, INC.** This litigation is pending in the Western District of Oklahoma in Case Number CIV-08-0157-C.

2. **DRILLING FLUIDS** is not a party to the aforementioned litigation.

3. **LAMBERSON** served a Subpoena on **DRILLING FLUIDS** to produce and permit inspection and copying of all JSA (Job Safety Analysis) forms of every kind and description used in connection with any flow back procedure or operation on any EOG Resources, Inc. well site for the following time frames: (i) prior to May 2, 2007, and (ii) on or after May 2, 2007. The Subpoena commanded that **DRILLING FLUIDS** comply on or before

January 29, 2010 at 11:00 a.m.

    4.    **DRILLING FLUIDS** asks the Court to quash the Subpoena.

### B. Brief

    5.    A court must, on timely motion, quash or modify a subpoena if the subpoena (1) does not allow reasonable time to comply, (2) requires a nonparty to travel more than 100 miles from where the person lives, works, or regularly transacts business, (3) requires disclosing privileged or protected material and no exception or waiver applies, or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

    6.    A court may quash or modify a subpoena to protect a person subject to or affected by the subpoena if the subpoena requires (1) disclosing a trade secret or other confidential information, (2) disclosing an unretained expert's opinion or information not made at a party's request, or (3) a nonparty to incur substantial expense to travel more than 100 miles to attend trial. Fed. R. Civ. P. 45(c)(3)(B).

    7.    **DRILLING FLUIDS** files this Motion before the time to comply. *See* Fed. R. Civ. P. 45(c)(3)(A); Estate of Ungar v. Palestinian Auth., 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006). Specifically, as mentioned above, the Subpoena served upon **DRILLING FLUIDS** requires compliance by January 29, 2010 at 11:00 a.m.

    8.    The Court must quash **LAMBERSON**'s Subpoena for the following reasons:

        a.    The Subpoena does not allow a reasonable time to comply. Fed. R. Civ. P. 45(c)(3)(A)(i); Kupritz v. Savannah College of Art & Design, 155 F.R.D. 84, 88 (E.D. Pa. 1994). **DRILLING FLUIDS** was served with the Subpoena at issue on Monday, January 25, 2010. Compliance was required by Friday, January 29, 2010. To comply with the Subpoena,

        **DRILLING FLUIDS** must sort through a voluminous amount of Job Safety Analysis forms to identify the ones that are responsive to this Subpoena. **DRILLING FLUIDS** has many of these forms for **EOG RESOURCES, INC.** and for countless other customers. Additionally, after this undertaking, **DRILLING FLUIDS** would have to then make these identified Job Safety Forms available at their office in Booker, Texas, despite the fact that they are not currently maintained at this location. To require **DRILLING FLUIDS**, a nonparty to this action, to comply in this short period of time is an undue burden upon **DRILLING FLUIDS**.

b.    The Subpoena subjects a nonparty to an undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv); Linder v. Nat'l Sec. Agency, 94 F.3d 693, 695 (D.C. Cir. 1996). As mentioned above, **DRILLING FLUIDS** is not a party to this matter. To require **DRILLING FLUIDS** to be able to comply with this Subpoena within four (4) days while attempting to conduct their normal business activities is unreasonable. Even with additional time, the amount of information that **LAMBERSON** seeks with the Subpoena at issue is great as it is not limited to any specific well site or time period. To identify the documents requested will require the dedication of a **DRILLING FLUIDS'** staff member and a considerable amount of time. **DRILLING FLUIDS** has a very successful oilfield supply business and cannot afford to devote this amount of resources to this matter, in which **DRILLING FLUIDS** is not a party.

---

### C. Conclusion

9. Because the Subpoena does not allow **DRILLING FLUIDS** a reasonable time to comply and further because the Subpoena subjects **DRILLING FLUIDS** to an undo burden, the Court must quash **LAMBERSON**'s Subpoena. For these reasons, **DRILLING FLUIDS TECHNOLOGY, INC.** respectfully request the Court to grant its Motion to Quash Annette Lamberson's Subpoena.

Respectfully submitted,

_____
Matthew D. Bartosiewicz
State Bar No. 24027281

LEMON, SHEARER, PHILLIPS & GOOD, P.C.
P.O. Box 348
122 South Main Street
Booker, Texas 79005
Telephone: (806) 658-4545
Fax:   (806) 658-4524
mdblaw@amaonline.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Quash Subpoena and Brief in Support Thereof was served upon the following counsel of record via certified mail, return receipt requested and via facsimile transmission , on this the 27th day of January, 2010:

Mr. Sam L. Stein
Law office of Sam L. Stein
305 South Grand
P. O. Box 223
Cherokee, Oklahoma, 73728
Fax Number:  (580) 596-3004

Attorney for Plaintiff

_____
Matthew D. Bartosiewicz

## CERTIFICATE OF CONFERENCE

I certify that I was unable to confer with Sam L. Stein about this Motion before filing because of the emergency nature of this filing. My client was served with the Subpoena at issue on Monday, January 25, 2010. I attempted to contact Mr. Stein at approximately 1:15 pm on Wednesday, January 27, 2010 by telephone, but Mr. Stein was not available. As the compliance date for the Subpoena is Friday, January 29, 2010 and as a blizzard is predicted for the Texas panhandle for Thursday, January 28, 2010, it is imperative that this Motion be mailed from Booker, Texas on Wednesday, January 27, 2010.

_____
Matthew D. Bartosiewicz

STATE OF TEXAS §
§
COUNTY OF LIPSCOMB §

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared **MONTY JAMES**, President of the **DRILLING FLUIDS TECHNOLOGY, INC.**, the Affiant, a person whose identity is known to me. After I administered an oath to Affiant, Affiant testified.

"My name is **MONTY JAMES** I have read Drilling Fluids Technology, Inc.'s Motion to Quash Subpoena and Brief in Support Thereof. The facts stated in it are within my personal knowledge and are true and correct."

_____
Monty James

SWORN TO and SUBSCRIBED before me by **MONTY JAMES** on the 27th day of January, 2010.

_____
Notary Public in and for
The State of Texas

My Commission Expires:

_____



KARINA MARGARITA RUIZ
Notary Public, State of Texas
My Commission Expires
December 14, 2013

---

MOTION TO QUASH SUBPOENA                                                                                    PAGE 6

C:\Law Firm Files\Clients\Drilling Fluids Technology, Inc\Lamberson Litigation\Motion to Quash Subpoena.doc